FILED
2012 May-24 AM 10:36
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | |
|---|---|
| **JERRY MICHAEL KING**, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 5:11-cv-03920-IPJ-JEO |
| **DR. HOOPER**, *et al.*, | ) ) ) |
| Defendants. | ) |

## **MEMORANDUM OPINION**

The magistrate judge filed a Report and Recommendation on March 30, 2012, recommending that this action filed pursuant to 42 U.S.C. § 1983 be dismissed under 28 U.S.C. § 1915A(b) for failing to state a claim upon which relief may be granted. (Doc. 20). The plaintiff filed objections to the report and recommendation on April 12, 2012. (Doc. 22, 23).

In his complaint, the plaintiff alleges that the defendants, Dr. Hooper, Nurse Ackins, Administrative Director D. Hunt, and Dr. Sabu were deliberately indifference to his serious medical needs because they did not provide him with the treatment that he felt he needed. In the Report and Recommendation, the magistrate judge found: (1) Dr. Sabu, a private physician who was not employed by or under contract with the state, was not a state actor; (2) the allegations against Dr. Hooper and Nurse Ackins were barred by the statute of limitations because the acts about which the plaintiff complained occurred in April and May of 2009; and (3) the plaintiff failed to show that he suffered from any tangible harm as a result of Defendant Hunt's allegedly delay of the plaintiff's treatment by outside medical professionals. (Doc. 20).

The plaintiff asserts that all of the defendants were state actors, and argues that the statute of limitations period should not have started running until December 21, 2009, the date he was treated by a free-world physician.

First, the magistrate judge correctly found that Dr. Sabu, the free-world physician who treated the plaintiff in his office, is not a state actor.  Moreover, the magistrate judge also correctly noted that the plaintiff's claims against Dr. Sabu nonetheless fail to rise to the level of a federal constitutional violation.

Second, the claims against Dr. Hooper and Nurse Ackins are barred by the statute of limitations, and the plaintiff's attempt to prevail on the continuing violation doctrine is due to fail. The continuing violation doctrine holds that a plaintiff's action is not time-barred where some of the alleged violations occurred within the statutory period, even though other violations did not, because the early acts were part of a continuing wrong.  *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1221 (11th Cir. 2001).  Its application, however, is limited to situations in which "a reasonably prudent plaintiff would have been unable to determine that a violation had occurred." *Ctr. for Biological Diversity v. Hamilton*, 453 F.3d 1331, 1335 (11th Cir. 2006).  "The critical distinction in the continuing violation analysis is whether the plaintiff complains of the present consequence of a one time violation, which does not extend the limitations period, or the continuation of that violation into the present, which does."  *Lovett v. Ray,* 327 F.3d 1181, 1183 (2003).

In this case, the plaintiff quite clearly asserted that Nurse Ackins and Dr. Hooper were deliberately indifferent to his serious medical needs in April and May.  He contends that on April 24, 2009, after he complained of an aching and burning in his penis area, Nurse Ackins had him urinate in a cup and "pushed a swab down [his] urine tracts in a very reckless matter [*sic*]." (Doc.

22 at 2). He further complains that on that same date, Dr. Hooper did not examine him personally, but nonetheless wrote him a prescription for 21 days worth of antibiotics. (*Id*. at 3). Although the plaintiff contends that he filed grievances about his medical care to Director Hunt, and complains that he was not seen by an outside physician until December of 2009, he does not allege that he was denied adequate medical care by either Dr. Hooper or Nurse Ackins within the prison after the incidents about which he complained. The plaintiff's claims against them do not fall within the continuing violation doctrine.

However, even if they did, and the statute of limitations did not bar the claims against Dr. Hooper and Nurse Ackins, the plaintiff has nonetheless failed to state a claim against them. While the plaintiff did not agree with the treatment he received, it is well settled that a mere difference of opinion between an inmate and an institution's medical staff will not alone give rise to a cause of action under the Eighth Amendment. *Smart v. Villar*, 547 F.2d 112, 114 (10th Cir. 1976); *see also Estelle v. Gamble*, 429 U.S.97, 106-08 (1976).

Thus, having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the objections thereto, the Court is of the opinion that the magistrate judge's report is due to be and is hereby ADOPTED and the recommendation is ACCEPTED. Accordingly, the complaint is due to be dismissed pursuant to 28 U.S.C. § 1915A(b) for failing to state a claim upon which relief may be granted. A Final Judgment will be entered.

**DATED**, this 24th day of May 2012.

_____
INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE